BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
ALIX R. SANDMAN (Cal. Bar No. 313430)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6772
     E-mail:   alix.sandman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>ASHLEY RODRIGUEZ,<br><br>            Defendant. | No.  2:25-cr-00514-SRM-1<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**   8/19/2025<br>**PROPOSED TRIAL DATE:**   10/20/2026<br><br>**CURRENT CONF. DATE:**   8/06/2025<br>**PROPOSED CONF. DATE:**   10/1/2026 |

1.    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alix R. Sandman, and defendant Ashley Rodriguez ("defendant"), both individually and by and through her counsel of record, Kenneth Reed, hereby stipulate as follows:

2.    The Information in this case was filed on June 23, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 9, 2025.  The

1

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before September 1, 2025.

3.    On July 15, 2025, the Court set a trial date of August 19, 2025 and a pretrial conference date of July 31, 2025.  The Court, on its own motion, subsequently continued the pretrial conference date to August 6, 2025.

4.    Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately one day.

5.    By this stipulation, defendant moves to continue the trial date to October 20, 2026, and the pretrial conference date to October 1, 2026.  This is the first request for a continuance.

6.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.    Defendant is charged with a violation of 18 U.S.C. § 111(a)(1): simple assault on a federal officer.  The government has produced discovery to the defense, including documents and video footage.

        b.    Defendant and the government have entered into a written pretrial diversion agreement.  Under the agreement, the parties agree that the prosecution of defendant shall be deferred for a period of 12 months, provided defendant abides by all of the conditions of diversion.  If, upon completion of defendant's period of diversion, a diversion report is received from Pretrial Services to the effect that defendant has complied with all the conditions of diversion, the government will move to dismiss the Information against defendant.

c.   Based on the foregoing, the government and defendant request a continuance to allow defendant to demonstrate a period of good conduct and complete her pretrial diversion period.

7.   Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

8.   The government does not object to the continuance.

9.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

10.   The parties agree that this period of delay during which prosecution is deferred is pursuant to a written agreement between the defendant and the government, with the approval of the Court, for the purpose of allowing defendant to demonstrate her good conduct for diversion.

11.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 19, 2025 to October 20, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(2), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the delay during which the prosecution is deferred by the attorney for the government is pursuant to a written agreement with the defendant, with the approval of the Court, for the purpose of allowing the defendant to demonstrate her good conduct; (ii) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (iii) failure to grant

3

the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 1, 2025                    Respectfully submitted,

                                         BILAL A. ESSAYLI
                                         United States Attorney

                                         CHRISTINA T. SHAY
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                            */s/ Alix R. Sandman*
                                         _____
                                         ALIX R. SANDMAN
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**CERTIFICATION OF DEFENSE COUNSEL**

I am ASHLEY RODRIGUEZ'S attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than October 20, 2026 is an informed and voluntary one.

*Kenneth Reed*                                            August 1, 2025
_____            _____
KENNETH REED                                            Date
Attorney for Defendant
ASHLEY RODRIGUEZ


**CERTIFICATION OF DEFENDANT**

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 20, 2026.  I understand that I will be ordered to appear in Courtroom 5D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on October 20, 2026 at 8:30 a.m.


*Ashley Rodriguez*                                        August 1,2025
_____            _____
ASHLEY RODRIGUEZ                                        Date
Defendant

5